NO. 07-01-0168-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 8, 2001

______________________________

IN RE ELEANOR THORNTON-JOHNSON, Individually,

and on behalf of the estate of Robert William Johnson,

deceased, ROBERT WILLIAM JOHNSON, JR., and KHAROL TRELLO,

Relators

_________________________________

Original Proceeding

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.
(footnote: -6)
 Pending before the court is the petition for writ of mandamus filed by Eleanor Thornton-Johnson, individually and on behalf of the estate of Robert William Johnson, deceased, Robert William Johnson, Jr. and Kharol Trello (collectively referred to as the Johnsons).  Through it, the Johnsons pray that we order the Hon. Marvin Marshall, 72nd Judicial District, to rescind an order striking Philip Adam Ticktin, M.D., as an expert witness.  For the reasons which follow, we deny the petition.

It is beyond reasonable dispute that mandamus is an extraordinary writ available only in limited situations.  
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994).  It does not issue simply because someone wants it.  Rather, the applicant has the burden to prove that the trial court erred by clearly abusing its discretion in rendering a decision and that no adequate remedy at law exists to rectify the error.  
In re Colonial Pipeline Co.
, 968 S.W.2d 938, 941 (Tex. 1998); 
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d at 305.  Of import to the cause before us is the latter element, that is, the want of an adequate legal remedy.  The Johnsons posit that their circumstance satisfies the element because the trial court’s decision “severely compromises the . . . presentation of their case, for neither of their two remaining experts proffer the same crucial testimony.”   In propounding their argument, the Johnsons implicitly rely upon certain aspects of 
Walker v. Packer
, 827 S.W.2d 833 (Tex. 1992).  Therein, the Supreme Court mentioned three situations satisfying the second prong of the test for mandamus.  Those circumstances concerned decisions by a trial court which result in 1) the disclosure of privileged information, 2) the vitiation or severe compromise of a litigant’s ability to present a viable claim or defense, and 3) the inability of a litigant to perfect an adequate appellate record.  
Id.
 at 843.  In contending that the decision at bar “severely compromises the . . . presentation of their case,” the Johnsons contend that their situation falls within the second category circumstance mentioned above.  So, to determine whether it does entails a brief discussion about what the Supreme Court meant in referring to the vitiation or severe compromise of a claim or defense.

At oral argument, we asked the Johnsons to apply 
Walker
 to the following hypothetical.  A plaintiff alleged four viable causes of action against a defendant and had obtained evidence via discovery to support the submission of each to the jury.  However, for one reason or another, the trial court rendered a decision preventing the plaintiff from tendering evidence on one of the four.  Though he could still present evidence on the remaining three claims, would the inability to develop the 
fourth rise to the level of vitiating or severely compromising the plaintiff’s ability to present a viable claim under 
Walker
?  To this question, the Johnsons answered yes.  They did so because 
Walker
 allegedly referred to the prosecution of a particular claim in a lawsuit not to the prosecution of the entire suit.  And, since the plaintiff in our hypothetical would be unable to develop one of his four claims, he would have suffered sufficient harm to warrant mandamus relief, the Johnsons posited.  

Admittedly, in mentioning “claim or defense,” the 
Walker
 court spoke in the singular, as opposed to plural voice, 
i.e.
, a claim or a defense as opposed to claims or defenses.  So, if nothing else were said by the court, then the Johnsons’ answer could be a reasonable interpretation of the case.  Yet, the Supreme Court did not withhold further words.  Instead, it continued on and stated that the “relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources.”  
Walker v. Packer
, 827 S.W.2d at 843.  To this it added reference to another opinion wherein it held that “when a trial court imposes discovery sanctions which have the effect of 
precluding a decision on the merits of a party’s claims
 — such as by striking pleadings, dismissing an action, or rendering default judgment — a party’s remedy by eventual appeal is inadequate . . . .”  
Id.
 
(citing
 
TransAmercian Natural Gas Corp. v. Powell
, 811 S.W.2d 913 (Tex. 1991) (emphasis in original)).  Then, it concluded by indicating that a decision “going to the heart of a party’s case” could render “the appellate remedy inadequate.”  
Id.
  These three passages are most telling for they focus upon the ability of the litigant to develop any claim or defense, not a particular claim or defense.   For instance, when pleadings are struck, actions dismissed, or default judgments entered, the party against whom the action is taken has little else to do.  Under those circumstances, he has no realistic opportunity to develop a viable claim or defense.  Indeed, his proceeding to trial could be viewed as a waste of judicial time since the outcome of the suit has been all but determined.  The same cannot be said, however, when the litigant has other claims or defenses unaffected by the trial court’s decision.  Under those circumstances, he has matters to pursue in a trial 
and their eventual outcome of the proceeding has not been pre-determined.  

So, upon reflection of 
Walker
 as a whole, we conclude that the Supreme Court referred to the merits of a litigant’s 
entire
 suit or defense when it alluded to the vitiation or severe compromise of “a claim or defense.”  So too do we conclude that in addressing our hypothetical posed above, the Supreme Court would withhold mandamus.  Having said this, we now turn to the circumstance presented by the Johnsons.

The Johnsons sued Gurdev S. Gill, M.D., Gurdev S. Gill, M.D., P.A., and Mohammed M. Bakdash, M.D., for negligence and gross negligence.  Furthermore, their negligence purportedly involved the failure to 1) order proper laboratory and diagnostic studies and tests, 2) properly interpret and/or act reasonably on laboratory and diagnostic studies and tests, and 3) properly assess, monitor, evaluate, diagnose, and treat the decedent’s condition.  Furthermore, three experts were obtained to prove these allegations.  Of the three, Dr. Ticktin was retained to address a matter within the third category, 
i.e.
 the treatment of the decedent’s anemic condition after undergoing knee replacement surgery.  Given the trial court’s order, however, Ticktin cannot now testify on that particular topic. Therefore, the Johnsons are pretermitted from developing the allegation that their defendants acted negligently in treating the decedents post-operative anemia.  Yet, they have two remaining expert witnesses available to develop the other grounds of negligence mentioned in their live pleading.   Furthermore, nowhere in the record before us do the Johnsons represent that 1) Ticktin’s testimony is needed to carry their burden 
vis-a-vis
 the other grounds or 2) the other grounds are anything less than viable.  

So, what we have before us is a situation wherein the trial court has resurrected an obstacle to the development of one allegation.  However, several remain for trial, and the Johnsons apparently have expert witnesses available to develop those that remain.  Under these circumstances, a trial would not be a waste of time for substantive issues await adjudication.  Indeed, what the trial court did at bar is not tantamount to striking pleadings, dismissing the action, rendering a default judgment or the like.  It did not place the Johnsons in the position of simply going through the motions of a trial because the outcome has been all but determined.  Thus, we heed the admonishment that mandamus is extraordinary relief and conclude the Johnsons have failed to carry their burden of proving the lack of adequate legal remedy through appeal.   

Accordingly, the petition for mandamus is denied.

Brian Quinn

    Justice

Publish.

FOOTNOTES
-6:
Justice Johnson did not participate in the resolution of this proceeding.