NO. 07-02-0265-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 1, 2002



______________________________




BETTY ANN NEWBY, APPELLANT



V.



DAN MOSER, INDIVIDUALLY AND AS TRUSTEE; MOSER INVESTMENTS;


THE ESTATE OF LON MOSER, DECEASED; AND SHERIA EVANS, APPELLEES




_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 35,167; HONORABLE JACK D. YOUNG, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ. and BOYD, S.J. (1)

DISMISSAL


 Appellant Betty Ann Newby filed an accelerated notice of appeal challenging the
trial court's denial of her application for a temporary injunction and other motions. On June
26, 2002, the trial court sustained the contest filed by two court reporters to Newby's
affidavit of indigence. On July 30, 2002, Newby filed a pro se document in this Court
seeking an extension of time on behalf of the trial court clerk contending that the trial court
clerk should not be permitted to request payment for the record because she did not file
a contest to her affidavit of indigence. However, because the motion was not accompanied
by the required filing fee, no ruling will be made regarding that motion.

 By letter dated September 13, 2002, this Court notified Newby to make satisfactory
arrangements to pay for the clerk's record within ten days or the appeal would be subject
to dismissal. Although the Texas Rules of Appellate Procedure now impose the duty of
filing the record with the trial court clerk, Newby must pay the clerk's fee or make
satisfactory arrangements with the clerk to pay the fee. Tex. R. App. P. 35.3(a)(2). 
Pursuant to Rule 37.3(b), this Court may dismiss the appeal for want of prosecution if, due
to appellant's fault, the trial court clerk fails to file the clerk's record. Furthermore, under
Rule 42.3(c) this Court may dismiss an appeal, after giving ten days notice, for Newby's
failure to comply with a notice from the Clerk requiring a response within a specified time.

 Accordingly, because Newby did not comply with this Court's directive, the appeal
is hereby dismissed for want of prosecution and for failure to comply with a notice from the
Clerk of this Court. Tex. R. App. P. 42.3(b) & (c).

 

 Don H. Reavis

 

 Justice 

 


Do not publish.
1. 




>


 Through each issue, the Alfords question 1) whether a writ of possession could issue
since the summary judgment was not final, and 2) whether their causes of action were
properly severed from those of Mays. It is beyond dispute that mandamus is an
extraordinary remedy. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.
1994). One is not entitled to it simply because he may ask for it. In re Thorton-Johnston,
65 S.W.3d 137, 138 (Tex. App.--Amarillo 2001, orig. proc.). Instead, the applicant has a
heavy burden to meet. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d at 305. Not only
must he prove that the trial court abused its discretion, but also that the remedy offered by
a later ordinary appeal is inadequate. Id.; Walker v. Packer, 827 S.W.2d 833, 842 (Tex.
1992); In re Thorton-Johnson, 65 S.W.3d at 138. And, regarding the second prong, an
appellate remedy is not inadequate simply because it may involve more delay or expense
than obtaining an extraordinary writ. Walker v. Packer, 827 S.W.2d at 842. Instead, it must
be shown that the relator stands to lose a substantial right if the appellate court does not
intercede immediately. Id. 

 In attempting to establish their right to extraordinary relief, the Alfords do no more
than purport to illustrate why the trial court erred or abused its discretion. They do not
allege in their petition that they lack any remedy at law, that a later appeal would be
inadequate, or that they would lose a substantive right if immediate relief were withheld. (1)
Nor do they attempt to explain why presenting their complaints through an appeal would be
inadequate. Furthermore, it is not an appellate court's duty to draft a relator's contentions
for him or read into the petition that which he omits. This is especially so here given the
Alfords' complaint that the trial court already afforded Mays "a pre-judgment right . . . that
was neither pled nor proven . . . ." 

 Having failed in toto to address the second element of their burden, the Alfords did
not prove their entitlement to the extraordinary relief sought. Accordingly, we deny the
petition for mandamus.


 Brian Quinn

 Justice
1. Indeed, our records illustrate that they have filed two notices of appeal from the underlying cause of
action.