NO. 07-03-0428-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 16, 2003


______________________________



IN RE: JEFFREY DON ALFORD and


 ANGELA DREW ALFORD,




 Relators

_______________________________


 

Original Proceeding -- Memorandum Opinion


________________________________



Before JOHNSON, C.J., QUINN and CAMPBELL, JJ.

 Pending before the court is the petition for a writ of mandamus filed by Jeffrey Don
Alford and Angela Drew Alford (the Alfords). They request that we order the Hon. Patrick
A. Pirtle, 251st Judicial District, "to vacate the Order Severing the underlying case into two
causes of action" and "to revise its order to clearly reflect that a Writ of Possession shall
not issue until a final judgment has been obtained." Also sought is an order directing "Jo
Carter, Clerk of the 251st District Clerk [sic] to vacate her Writ of Possession which was
issued prematurely." We deny the petition. 

Background 


 The dispute arises from the performance of a contract for deed. The Alfords, as
purchaser of the realty in question, and Cynthia Jean Roberts Mays, as seller, executed
one. Thereafter, a question arose as to the Alfords' performance of their contractual
obligations. The Alfords sued Mays alleging that she violated provisions of the Texas
Property Code and the Texas Deceptive Trade Practices Act. Mays counterclaimed and
sought possession of the property and damages represented by the sums allegedly due
under the contract. 

 Eventually, both sides moved for summary judgment. After conducting a hearing,
the trial court sent the parties a letter, dated August 27, 2003. Therein, it 1) determined
that Mays elected to and rescinded the contract in conformance with statute, 2) denied the
Alfords their claim of title, 3) declared that Mays was entitled to immediate possession of
the property, 4) declared that Mays was entitled to a writ of possession, and 5) concluded
that Mays had violated nine provisions of the Texas Property Code. So too did it "sever[]
those claims pertaining to [Mays'] . . . forcible entry and detainer action" from the remaining
allegations and "remand[ed] that issue to the appropriate justice of the peace court." 

 Several days later, the trial court also executed an order entitled "Partial Summary
Judgment and Order of Severance." Therein, it declared that the Alfords' interest in the
property was "properly terminated on or about August 12, 2002," awarded Mays ownership
and "immediate possession" of the land, and "severed from the action by [Mays] . . . to
obtain declaratory relief to quiet title and remove cloud from her title" the "damage claims
asserted by" the Alfords. Also, the clerk was ordered to issue a writ of possession directing
that the Alfords be removed from the property. Thereafter, the Alfords filed the instant
petition for writ of mandamus with the court. 

Issues One, Two and Three -- Finality of Summary Judgment and Severance


 Through each issue, the Alfords question 1) whether a writ of possession could issue
since the summary judgment was not final, and 2) whether their causes of action were
properly severed from those of Mays. It is beyond dispute that mandamus is an
extraordinary remedy. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.
1994). One is not entitled to it simply because he may ask for it. In re Thorton-Johnston,
65 S.W.3d 137, 138 (Tex. App.--Amarillo 2001, orig. proc.). Instead, the applicant has a
heavy burden to meet. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d at 305. Not only
must he prove that the trial court abused its discretion, but also that the remedy offered by
a later ordinary appeal is inadequate. Id.; Walker v. Packer, 827 S.W.2d 833, 842 (Tex.
1992); In re Thorton-Johnson, 65 S.W.3d at 138. And, regarding the second prong, an
appellate remedy is not inadequate simply because it may involve more delay or expense
than obtaining an extraordinary writ. Walker v. Packer, 827 S.W.2d at 842. Instead, it must
be shown that the relator stands to lose a substantial right if the appellate court does not
intercede immediately. Id. 

 In attempting to establish their right to extraordinary relief, the Alfords do no more
than purport to illustrate why the trial court erred or abused its discretion. They do not
allege in their petition that they lack any remedy at law, that a later appeal would be
inadequate, or that they would lose a substantive right if immediate relief were withheld. (1)
Nor do they attempt to explain why presenting their complaints through an appeal would be
inadequate. Furthermore, it is not an appellate court's duty to draft a relator's contentions
for him or read into the petition that which he omits. This is especially so here given the
Alfords' complaint that the trial court already afforded Mays "a pre-judgment right . . . that
was neither pled nor proven . . . ." 

 Having failed in toto to address the second element of their burden, the Alfords did
not prove their entitlement to the extraordinary relief sought. Accordingly, we deny the
petition for mandamus.


 Brian Quinn

 Justice
1. Indeed, our records illustrate that they have filed two notices of appeal from the underlying cause of
action.



 Locked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-11-0208-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
E

 

                                                                  JUNE
8, 2011

                                            ______________________________

 

                                                              STEVEN
AVILES,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                           _______________________________

 

                      FROM THE
137th DISTRICT COURT OF LUBBOCK COUNTY;

 

                         NO.
2006-414,317; HON. JOHN McCLENDON, PRESIDING

                                           _______________________________

 

                                                        ORDER
OF DISMISSAL

                                           _______________________________

 

Before
QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

            Appellant Steven Aviles appeals his conviction
for possession of marijuana.  Appellant,
his attorney, and the trial court judge signed a waiver of right to appeal that
states that A[t]he Defendant in the above-entitled and numbered
cause, with advice of his attorney, after having been found guilty, judgment
accordingly having been entered and Defendant having filed a Notice of Appeal
in this cause, does hereby withdraw his Notice of Appeal and abandon and
withdraw his right of appeal.  This
circumstance was brought to the attention of appellant and opportunity was
granted him to obtain an amended certification entitling him to appeal.  No such certification was received within the
time we allotted.  Having received no
amended certification, we dismiss the appeal per Texas Rule of Appellate
Procedure 25.2(d).

 

Per
Curiam

 

Do not publish.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











    
[1]John T. Boyd, Senior Justice, sitting
by assignment.