**Denied and Opinion Filed June 27, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00164-CV

### IN RE PLAINSCAPITAL BANK, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07601**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this original proceeding, relator complains of the trial court's order striking one of relator's expert witnesses. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has an adequate remedy on appeal. *See, e.g., Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996) (reviewing trial court's ruling on the admissibility of expert testimony on direct appeal); *see also In re Pilgrim's Pride Corp.*, No. 06–08–00109–CV, 2008 WL 4907589, *2 (Tex. App.—Texarkana Nov.17, 2008, orig. proceeding) (mem. op.) (denying mandamus relief as to order striking expert testimony because relator had adequate remedy by appeal); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001, orig. proceeding) (relators had adequate remedy by appeal where relators' other claims or defenses were unaffected by the trial court's order excluding expert testimony). Accordingly, we deny

relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Robbie Partida-Kipness/

ROBBIE PARTIDA-KIPNESS

JUSTICE

190164F.P05