

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00528-CV

**IN RE** John **EBIN** and Joyce O'Connor

Original Mandamus Proceeding[1]

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: November 13, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND
DENIED IN PART

Relators, John Ebin and Joyce O'Connor, assert the trial court abused its discretion by

striking their causation expert and their insurance-claims-handling expert.  Because we conclude

the trial court erred by striking relators' causation expert, we grant the petition for writ of

mandamus in part.  We deny all other relief.

## BACKGROUND

Following a June 2016 hail storm, relators' insurance carrier, USAA Casualty Insurance

Co. ("USAA"), sent an independent adjustor, Allcat Claims, to inspect relators' home.  Allcat's

inspector, Clint Singleton, estimated damage to the home in the form of twelve hail damaged roof

---

[1] This proceeding arises out of Cause No. 17365B, styled *Joyce O'Connor and John C. Ebin v. USAA Casualty Insurance Company and Kimberly Schaeffer*, pending in the 198th Judicial District Court, Kerr County, Texas, the Honorable Rex Emerson presiding.

tiles and other interior and exterior damages. Singleton's repair estimate totaled slightly more than $10,000. Relators then retained a public adjuster, Insurance Claim Advantage ("ICA"), which inspected the home in November 2016. ICA submitted an estimate of $121,253.99. ICA later revised its estimate to $128,248.98. USAA denied the amount presented by ICA's adjuster, Lindsey Douglas. Relators later sued USAA, alleging USAA failed to properly pay for the replacement of relators' roof and other items allegedly damaged in the hail storm. Relators retained two experts who are the subject of this original proceeding: (1) Derek Steiner on causation and (2) Adam Brenner on claims handling. In 2018, two years after the hailstorm, Steiner inspected relators' home. He submitted an initial estimate that mirrored ICA's with an amount of $121.253.99. Steiner later revised his estimate to $128,248.98.

USAA filed motions to strike the testimony and reports of both experts. On August 1, 2019, the trial court conducted a hearing on the motions. The next day, the trial court signed two orders striking both experts. Relators filed their petition for writ of mandamus and USAA filed a response.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *Id.* To satisfy the clear abuse of discretion standard, the relator must show "the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

**CAUSATION EXPERT**

Relators designated Derek Steiner as their expert on causation and damages.  In its motion to strike Steiner, USAA raised two challenges to Steiner.  First, USAA alleged Steiner's report, cost estimate, and testimony failed to use any scientific method to investigate damages and were not based on a reliable foundation.  Second, Steiner's report, estimate, and testimony are not relevant as to the reasonableness of USAA's investigation and coverage decision.[2]

## A.	Admissibility of Expert Testimony

An expert's opinion is admissible under Texas Rule of Evidence 702 if the expert is qualified, the expert's opinion is relevant to the issues in the case, and the expert's opinion is based upon a reliable foundation.  *See* TEX. R. EVID. 702.  Rule 702's reliability requirement focuses on principles, research, and methodology underlying an expert's conclusions.  *See E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995).  Under this requirement, expert testimony is reliable if it is grounded "in the methods and procedures of science" and is more than merely a "subjective belief or unsupported speculation." *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)).  In addition to the "methods and procedures of science" factors considered under *Robinson*, when the subject matter of an expert's opinion requires an expert to rely on experience, knowledge, and training rather than a certain methodology to reach a conclusion, a court makes the reliability assessment by determining whether there is "too great an analytical gap between the data and the opinion proffered." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 578 (Tex. 2006) (citing *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998)).  Regardless, "there must be some basis for the opinion offered to

---

[2] During his deposition, Steiner stated he did not intend to testify about the reasonableness of USAA's or Allcat's investigation.  To the degree the trial court's order may have encompassed such testimony, in their petition for writ of mandamus, relators do not assert the trial court erred by striking Steiner's testimony on USAA's investigation and coverage decision.

show its reliability." *Gammill*, 972 S.W.2d at 726. "An expert's bare opinion will not suffice and is unreliable if based solely upon his subjective interpretation of the facts." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 906 (Tex. 2004).

**B.      Reliability of Steiner's Opinion on Causation**

In its motion to strike Steiner as relators' causation expert, USAA did not challenge Steiner's qualifications or whether his opinion was relevant. Instead, USAA challenged the reliability of Steiner's opinion on the ground that he merely copied his report verbatim from ICA's estimate of damages, ICA's estimates on which Steiner based his opinion were unreliable, Steiner's deposition testimony contradicted his own report, and his report disagreed with the homeowner's testimony.

In its response to the petition for writ of mandamus, USAA contends Steiner merely "dutifully reported" whatever the author of the ICA estimate "dictated." For example, USAA points to the following:

> Relators initially designated ICA's adjuster, Lindsey Douglas, as their causation expert. However, in her deposition, Douglas testified she did not perform any inspection of relators' home, she did not create the estimate submitted by ICA, she did not know who wrote the estimates or performed the inspections, she did not know whether the estimates were accurate, and ICA received a 5% to 10% fee on moneys recovered by their clients. After the deposition, relators de-designated Douglas.
>
> The 2016 ICA estimates called for skylights replacement and Steiner's estimate agreed. However, by the time Steiner inspected the house, the skylights had already been repaired.
>
> The ICA estimate called for the replacement of windows, and Steiner's report agreed. At his deposition, Steiner admitted that he did not know if the windows needed replacement, because he had not done a water test on them.
>
> The ICA estimate called for the replacement of balcony decks and railings, and Steiner's report agreed. However, in his deposition, Steiner admitted replacement was unnecessary; instead, these items could be sanded and restained.

Steiner agreed with ICA's estimate on flashing repair on the roof.

Steiner and Mr. Ebin disagreed on when interior water damage occurred.

USAA asserted Steiner's opinion lacked reliability because he based his estimate on ICA's estimate, which was of unknown accuracy and made by unknown persons. USAA contends Steiner did not independently verify ICA's estimates. However, in his deposition, Steiner stated he met Mr. Ebin when he arrived at the house and Mr. Ebin told him when the hailstorm occurred and offered a few photos from his cell phone that recorded skylight breaks, water intrusion, and other damage. Steiner did not take notes from his conversation with Mr. Ebin; however, he testified his photographs taken from the scene documented his findings. Steiner said he did not "adopt" ICA's estimate; instead he used ICA's estimate as the foundation for his own report. He explained that he used the ICA estimate as a baseline, but he confirmed on site each of the measurements by quantity. Steiner said that on the day he went to relators' home, he and an assistant took their own photographs and measurements, which they used to confirm ICA's field measurements, quantities, counts, material, and other findings.

"The weakness of facts in support of an expert's opinion generally go to the weight of the testimony rather than its admissibility." *Onwuteaka v. Gill*, 908 S.W.2d 276, 283 (Tex. App.—Houston [1st Dist.] 1995, no writ). Also, "[j]urors are the sole judges of the credibility of the witnesses and the weight to give their testimony."[3] *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). We conclude USAA's complaints regarding Steiner's opinion are factors for the jury to consider when determining what weight to give Steiner's opinions, not the admissibility of the opinions themselves. *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 40-41 (Tex. 2007) (holding party's complaints that opposing expert's testimony did not consider all relevant facts "go to its

---

[3] In this case, the trial court heard only arguments of counsel; no witnesses were called.

weight, not its admissibility."); *Regent Care Ctr. of San Antonio, L.P. v. Detrick*, 567 S.W.3d 752, 763 (Tex. App.—San Antonio 2018, pet. filed) ("Dr. Grodzin's failure to take the additional step advocated by Regent Care[—compare summaries prepared by trial counsel with underlying billing records—]goes only to the weight of his opinions, not their admissibility."). Therefore, the trial court erred by striking Steiner as relators' causation expert.

## C.     Adequate Remedy at Law

Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy at law exists. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 840. A trial court's ruling on the admissibility of expert testimony is commonly reviewed on direct appeal. *See, e.g., Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996) (reviewing trial court's ruling on admissibility of expert testimony on direct appeal); *see also In re Pilgrim's Pride Corp.*, No. 06-08-00109-CV, 2008 WL 4907589, *2 (Tex. App.—Texarkana Nov.17, 2008, orig. proceeding) (mem. op.) (denying mandamus relief as to order striking expert testimony on ground relator had adequate remedy by appeal because 142-page transcript of hearing at which expert testified would be available in a post-trial appeal); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001, orig. proceeding) (relators had adequate remedy by appeal where relators' other claims or defenses were unaffected by trial court's order excluding expert testimony).

However, an appeal is an inadequate remedy if "a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding). With respect to this scenario, a "relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources." *Walker*, 827 S.W.2d at 843. Here, relators contend, without dispute by USAA, that they cannot prove their damage claims or the cost to repair those

damages without Steiner. Therefore, according to relators, trial would be a waste of judicial resources.

USAA counters that appeal is an adequate remedy because relators can preserve any error through a bill of exceptions. We disagree. "Requiring a party to try its lawsuit without expert testimony, only to have the lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal." *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 786 (Tex. App.—Fort Worth 2009, orig. proceeding) ("The presence of the summary of the testimony in the mandamus record does not compensate for the gutting of [relators'] claims at trial."). Here, the trial court has excluded relators' sole causation expert, preventing them from fairly trying their lawsuit, thus resulting in foreseeable harm. *See id.* Therefore, we conclude relators do not have an adequate remedy at law.

## CLAIMS-HANDLING EXPERT

Relators next assert the trial court abused its discretion by striking the testimony of Adam Brenner, their expert on claims-handling. Relators contend they filed a "Notice De-Designating Adam Brenner" on August 2, 2019 at approximately 9:45a.m. Relators also contend the trial court granted USAA's motion to strike Brenner on August 2 at 1:45p.m. Relators later filed a motion with the trial court asking it to modify its order. The trial court had not yet ruled on the motion when relators filed their petition for writ of mandamus. Because relators' motion to modify is pending before the trial court, we decline to order the trial court to vacate its order striking Brenner.

## CONCLUSION

For the reasons stated above, we conditionally grant relators' petition for writ of mandamus in part and direct the trial court to vacate its August 2, 2019 "Order on Defendant's Motion to Strike the Testimony and Report of Derek Steiner." The writ will issue only in the event we are

notified the trial court fails to comply within fifteen days from the date of this opinion.  All other relief requested in relators' petition is denied.

Sandee Bryan Marion, Chief Justice