**DENY and Opinion Filed October 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00853-CV**

**IN RE BRADLEY HUBBARD, M.D. AND DALLAS PLASTIC SURGERY INSTITUTE, Relators**

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-03134-B**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

In this original proceeding, relators seek mandamus relief from the trial court's order striking their retained medical expert but allowing him to testify as a non-retained, treating physician. They complain that the order is vague and that the trial court abused its discretion by striking their retained expert. Relators further ask us to compel the court to rule on their motion for leave to designate a replacement retained expert.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that they lack an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

After reviewing the petition and the record before us, we conclude that relators have failed to demonstrate their entitlement to mandamus relief.

Regarding relators' complaint about the order's vagueness, the record fails to show that they raised this error to the trial court. *See In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) ("A court cannot grant mandamus relief unless the error was raised in the trial court.").

As for relators' contention that the trial court erroneously struck their retained expert, they have failed to show that they lack an adequate appellate remedy. *See In re Flores*, No. 05-19-01058-CV, 2020 WL 2847531, at *2-3 (Tex. App.—Dallas June 2, 2020, orig. proceeding) (mem. op.) (denying mandamus relief as to order striking expert testimony because relator had adequate remedy by appeal); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001, orig. proceeding) (same).

Finally, with respect to relators' argument about the trial court's failure to rule, the record does not contain adequate proof that they brought the pending motion to the trial court's attention and made a demand for a ruling. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("Any such mandamus relief must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule.").

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


220853f.p05

/Lana Myers//
LANA MYERS
JUSTICE