

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00045-CV

---

IN THE INTEREST OF K.J.H., A CHILD

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 12346, Honorable Jeremy Fowler, Presiding

---

February 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

On January 28, 2025, Shean Michael Finch, pro se, appealed "from the final order and judgment issued by the district court regarding child support enforcement and wage garnishment." The trial court signed the order in question over two years earlier, that is, on January 4, 2023.

Assuming *arguendo* the finality of the support order, applicable rules of procedure obligated Finch to perfect his appeal within 30 days of the date the trial court signed the decree. TEX. R. APP. P. 26.1. That 30 days could be extended to 90 if Finch timely filed one or more post-judgment motions or requests encompassed in Texas Rule of Appellate Procedure 26.1(a). Yet, both periods were far exceeded here. Thus, it appears we lack

jurisdiction over the appeal. The matter was brought to his attention when we afforded him opportunity to illustrate why jurisdiction exists.

The response Finch tendered does not so illustrate the presence of jurisdiction to review the January 2023 order. Nor is his interjection of a show cause order signed by the trial court on January 8, 2025, sufficient to create jurisdiction. The latter is neither a final order disposing of all parties and claims nor an interlocutory order described in § 51.014 of the Texas Civil Practice and Remedies Code. And, our appellate jurisdiction is limited to appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001).

As for his alternative request that we treat his notice of appeal as an application for writ of mandamus, *see CMH Homes v. Perez*, 340 S.W.3d 444, 353–54 (Tex. 2011) (noting the possibility of treating effort at appeal as an application for writ of mandamus), mandamus proceedings are governed by equitable principles. *In re Harbin*, No. 07-23-00437-CV, 2024 Tex. App. LEXIS 5592, at *3 (Tex. App.—Amarillo Aug. 6, 2024, orig. proceeding) (mem. op. on reh'g). One such principle mandates diligence; when the record fails to show that the petitioner acted diligently to protect his rights, mandamus is unavailable. *Id.* Nothing in the limited record before us suggests that Finch acted with diligence in waiting over two years to formally attack the January 4, 2023 order.

Another principle mandates the absence of an adequate legal remedy. *In re Thornton-Johnson*, 65 S.W.3d 137, 138 (Tex. App.—Amarillo 2001, orig. proceeding). Additionally, the burden lies with the mandamus applicant to illustrate he has none. *Id.* Finch says nothing about the absence of legal remedies sufficient to redress his

complaints about heeding a show cause order. Thus, he failed to meet that aspect of his burden as it concerns attempted review of the show cause order.

Accordingly, we dismiss the appeal for want of jurisdiction and deny his alternative request for a writ of mandamus.

Per Curiam